IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HMI PROPERTY SOLUTIONS, INC., d/b/a Southern Oaks II Apts., | : | CIVIL ACTION NO. 1:15-CV-1644-ODE-JSA |
| Plaintiff, | : | |
| v. | : | |
| ASHLEE REYNOLDS, and All Other Occupants, | : | |
| Defendants. | : | **ORDER AND FINAL REPORT AND RECOMMENDATION** |

Defendant Ashlee Reynolds, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that she is unable to pay the filing fee or to incur the costs of these proceedings. Defendant thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Defendant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The

undersigned must therefore examine Defendant's "Petition for Removal of Action" [1-1] ("Petition for Removal") to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Petition for Removal [1-1] does not appear to contend that Plaintiff has asserted any federal claims in the subject state court action. Instead, Defendant is claiming certain defenses under federal law, specifically alleging that the underlying state court action violates the Due Process Clause of the Fourteenth Amendment. Petition for Removal [1-1] at 1-2. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on

the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Defendant, however, does not contend that Plaintiff has asserted any federal claims in this case, and a review of the record reveals that Plaintiff has asserted no federal claims.

Instead, Defendant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of DeKalb County is a dispossessory action to remove the Defendant as a tenant after failing to pay rent. *See* Petition for Removal [1-1] and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified in the Petition for Removal any federal question that Plaintiff's state court eviction action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if she had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly-joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states that she is a resident of Stone Mountain, Georgia, and does not allege citizenship in any other state. *See* Pl. Civil Cover Sheet [1-2] at 1. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 12th day of May, 2015.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE